# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| OLIN B. KICKLIGHTER, III, | ) |
| Plaintiff, | ) |
| v. | ) No.: 4:18-CV-067-HSM-SKL |
| BEDFORD COUNTY JAIL, | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On April 12, 2019, the Court entered an order directing the Clerk to send Plaintiff a § 1983 complaint, providing that Plaintiff had twenty (20) days from the date of entry of that order to complete and return any amended complaint, and notifying Plaintiff that if he failed to timely comply with that order, this action would be dismissed for want of prosecution and/or failure to follow the Court's orders [Doc. 11 p. 1–2]. More than thirty-five days passed and Plaintiff did not comply. As the Court identified a new address for Plaintiff, however, on May 22, 2019, the Court directed the Clerk to resend the order and a complaint form to that address, and on June 6, 2019, the Clerk resent this mail to Plaintiff with Plaintiff's Tennessee Department of Correction number [Doc. 13]. Again, however, more than thirty-five days have passed, and Plaintiff has not complied.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, as set forth above, it appears that Plaintiff received the Court's order, but chose not to comply therewith. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendant.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [Doc. 11 p. 1–2].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. The Court granted Plaintiff leave to proceed *in forma pauperis* in this matter [Doc. 10] and Plaintiff has not pursued this case since filing a notice with the Court regarding his intent to proceed in this matter [Doc. 9] to the Court nearly four months ago.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b) and the Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R:**

                                       */s/ Harry S. Mattice, Jr.*
                                       HARRY S. MATTICE, JR.
                                       UNITED STATES DISTRICT JUDGE